| | | |
|---|---|---|
| IF MERCHANDISE, LLC | : | 3:17-cv-01230 (VLB) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | September 11, 2019 |
| KANGAROO MANUFACTURING, INC. | : | |
| Defendant. | : | |

## MEMORANDUM OF DECISION DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. 43], GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. 44], AND DENYING MOTION TO STRIKE [DKT. 51]

Before the Court are cross motions for summary judgment filed by Plaintiff and Counterclaim Defendant IF Merchandise LLC ("IF Merchandise") and Defendant and Counterclaimant Kangaroo Manufacturing, Inc. ("Kangaroo") (collectively the "Parties"). This case arises out of a settlement agreement executed by the Parties on November 10, 2016 (the "Settlement Agreement"). It resolved a lawsuit in which Kangaroo alleged trademark infringement by IF Merchandise. IF Merchandise now sues Kangaroo for alleged breaches of the Settlement Agreement, breach of the California Business & Professional Code and making false and malicious copyright complaints against IF Merchandise with Amazon.com ("Amazon"). IF Merchandise seeks damages as well as declaratory relief. Kangaroo counterclaims asserting copyright infringement and breach of contract. It claims IF Merchandise published its copyrighted images of emoji beach balls on Amazon and that this infringement violated the Settlement Agreement. Kangaroo seeks declaratory relief in addition to monetary damages. For the reasons set forth below, the Court GRANTS summary judgment for

Kangaroo on each of IF Merchandise's ten counts. The Court GRANTS summary judgment for IF Merchandise on Counts Two and Three of Kangaroo's Counterclaim, asserting breach of contract and copyright infringement, and dismisses Count One, requesting declaratory relief.

## I. Background

IF Merchandise is a New York limited liability company with its principal place of business in Monroe, New York. [Dkt. 1 (Compl.) ¶ 1]. Kangaroo is a Florida corporation with its principal office in Tempe, Arizona. *Id.* ¶ 2. Both parties sell merchandise on Amazon.

In January 2016, Kangaroo filed a lawsuit against IF Merchandise in the Central District of California alleging copyright infringement related to the parties' sales listings on Amazon. [Dkt. 43-1 (Plf.'s Rule 56(a)(1) Statement) ¶ 1; Dkt. 44-3 (Settlement Agreement)]. The parties resolved that lawsuit by way of the Settlement Agreement dated November 2016. [Dkt. 43-1 ¶ 1; Dkt. 44-18 (Def.'s Rule 56(a)(1) Statement) ¶ 2; Dkt. 44-3]. The Settlement Agreement contains a forum selection provision stating that any and all actions arising under it will be filed and maintained in the United States District Court for the District of Connecticut. *Id.* ¶ 9.

The pertinent provision of the Settlement Agreement is entitled "Conflict Resolution and Avoidance." [Dkt. 44-3 ¶ 1]. The first paragraph of that section states:

> Kangaroo prefers that similar products sold both by Kangaroo and by IF Merchandise should not be offered for sale on the same web page initiated by Kangaroo on Amazon.com. By "similar products", this means similar looking hats, duckies, or curtains, or the like, but not

2

> products in the same general category such as collectibles, or baby dolls, or furniture or the like. The parties have agreed to endeavor affirmatively to avoid this issue. By "initiated by Kangaroo" is meant that Kangaroo had an Amazon.com web page with the name "Kangaroo" at the top of the web page at the left describing the product being offered by Kangaroo. This will be referred to as a "Kangaroo web page" on Amazon.com. Similarly, the same concept applies to an "IF Merchandise web page".

*Id.*

The section proceeds to set out four "future scenarios" and steps for dealing with those scenarios. *Id.* ¶¶ 1.A.-1.C. None of these scenarios pertain to copyright infringement. Under the first and second scenarios, either Kangaroo or IF Merchandise has an existing Amazon product detail page, or web page, for a product and the other party decides to sell the same or similar product. *Id.* ¶¶ 1.A., 1.B. In such a scenario, the second party "must take affirmative steps with Amazon.com to avoid having the same or similar product being offered on the IF Merchandise [or Kangaroo] web page." *Id.* ¶¶ 1.A.a., 1.B.a. If the second party "is unable to convince Amazon.com to avoid having" the second party's product on the first party's web page, the second party will notify the first party and the two will attempt "to persuade Amazon.com to keep the respective products on separate web pages." *Id.* ¶¶ 1.A.b., 1.B.b. If the parties are still unsuccessful, the section establishes that "[n]either party is obligated to refrain from selling the same or similar product on Amazon.com." *Id.* ¶¶ 1.A.c., 1.B.c.

Under the third scenario, "[b]oth Kangaroo and IF Merchandise are presently selling the same or similar products on the same web pages at this time[,]" in which case "IF Merchandise will take immediate steps to have Amazon.com move its products from the Kangaroo Product Detail Pages." *Id.* ¶

1.C.  The Settlement Agreement does not contain a corresponding requirement under the third scenario that Kangaroo take immediate steps to have Amazon.com move its products from IF Merchandise's Product Detail Pages.  Under the fourth scenario, if "Kangaroo and IF Merchandise are present on the same web page initiated by a third party" "neither Kangaroo or IF Merchandise will be obligated to leave that web page."  *Id.* ¶ 1.D.

The Settlement Agreement provides that it will be governed and construed in accordance with the laws of the State of California and contains an entirety clause specifying that it is "a complete statement of the entire agreement and understanding of the Parties with respect to the subject matter[.]"  *Id.* at 19

In June 2017, Kangaroo discovered that several product detail pages for non-Kangaroo products on Amazon were using Kangaroo's copyrighted photographs of its emoji beach balls.  These included a product detail page selling inflatable emoji beach balls made by an organization using the brand name "Assortmart" and assigned Amazon Standard Identification Number ("ASIN") B06XB5LD52 (hereinafter the "Assortmart Emoji Beach Ball Product Page").  *See* [Dkt. 44-18 ¶¶ 4, 5].  It is not alleged that Kangaroo and IF Merchandise products were present on the same web page.

On July 3, 2017, counsel for Kangaroo, David Schnider, notified Amazon of the use of Kangaroo's copyrighted images on non-Kangaroo product detail pages.  *See* [Dkt. 44-18 ¶ 6; Dkt. 44-8 (Schnider Emails to Amazon)].  Attorney Schnider followed-up with additional information and documentation of Kangaroo's copyright to bolster the complaint.  *See* [Dkt. 44-9 (Schnider Emails to Amazon);

Dkt. 44-6 (Kangaroo Certificate of Registration No. VA 2-016-327); Dkt. 44-4 (Assortmart Emoji Beach Ball Product Page)]. Amazon acknowledged the complaint and said it would take down the listing but failed to take prompt action to block it. *See* [Dkt. 44-7 (Amazon Receipt of Complaint Email)].

Another attorney for Kangaroo, Ray K. Harris, representing the company in litigation against Amazon regarding the sale of counterfeit goods, wrote to Amazon's counsel requesting assistance with removal of the infringing images (the "Harris Email"). [Dkt. 44-18 ¶ 8; Dkt. 44-19 (Harris Complaint to Amazon)]. Amazon thereafter deactivated the relevant listings, including the Assortmart Emoji Beach Ball Product Page, and sent a take-down notice to all sellers listed under the pages. *Id.* ¶ 9; *see also* [Dkt. 44-4; Dkt. 43-5 (7/12/2017 Amazon.com Email)].

On July 12, 2017, IF Merchandise received an email from Amazon notifying it that Amazon had placed a block on sales by IF Merchandise of the product on the Assortmart Emoji Beach Ball Product Page in response to a complaint filed by Ray K. Harris (the "Amazon Takedown Email"). [Dkt. 43-1 ¶ 4; Dkt. 43-5]. The Amazon Takedown Email notified IF Merchandise that the Harris Email alleged that the Assortmart Emoji Beach Ball Product Page was infringing Copyright Registration Nos. VA 2-016-327 and VA 2-000-209 and Trademark Nos. 4,897,428, 5,132,898, 4,936,937, 4,9080,760, and 5,132,866. [Dkt. 43-5 at 1; Dkt. 43-1 ¶ 5]. Amazon directed IF Merchandise to contact the copyright owners directly so that they might contact Amazon and request removal of the block upon resolution. [Dkt. 43-5 at 1; Dkt. 43-1 ¶ 6]. The complaint does not allege Amazon's notice

stated Kangaroo and IF Merchandise's products were present on the same web page.

The following day, IF Merchandise counsel David Fink sent a letter to Attorney Harris requesting withdrawal of the complaint referenced in the Amazon Takedown Email, claiming that, among other things, it violated the terms of the Settlement Agreement. [Dkt. 43-1 ¶ 8; Dkt. 43-6 (7/13/2017 Ltr. to R. Harris)]. Attorney Harris did not respond to the letter. [Dkt. 43-1 ¶ 9]. Attorney Fink also contacted Kangaroo counsel David Schnider, who confirmed on July 14, 2017 that Kangaroo had submitted a complaint regarding the Assortmart Emoji Beach Ball Product Page for copyright infringement of its copyright numbers VA 2-000-209 and VA 2-016-327. [Dkt. 44-10 (7/14/2017 Fink, Schnider Emails) at 1-4]. Attorney Fink asked Attorney Schnider why the additional copyright and trademark numbers were listed in the Amazon Takedown Email IF Merchandise had received. *Id.* at 3. In a July 17, 2017 email response, Attorney Schneider explained that, while Attorney Harris's complaint to Amazon listed other copyright and trademark registration numbers in connection with other complaints, Kangaroo reported unauthorized use by the Assortmart Emoji Beach Ball Product Page of images registered under only the two copyright numbers. *Id.* at 1-2. Attorney Fink responded to Attorney Schnider the same day requesting Kangaroo's counsel contact Amazon and "clarify the situation that has resulted in my client los[ing] his rights to sell on amazon.com." *Id.* at 1.

On July 23, 2017, IF Merchandise filed the instant lawsuit alleging that Kangaroo violated the Settlement Agreement by failing to contact IF Merchandise

prior to lodging the complaint with Amazon and by failing to contact IF Merchandise after lodging the complaint despite IF Merchandise's attempts to initiate communication.  [Dkt. 1 at ¶¶ 27, 31].  The Complaint also alleges violation of California Business & Professional Code §§ 17200 *et seq.* and seven counts of making false and malicious copyright complaints to Amazon in violation of Copyright Statutes and Trademark Statutes, citing each of the seven copyright and trademark registration numbers included in the July 13, 2017 Amazon Takedown Email.  [Dkt. 1 at ¶¶ 34-58].  IF Merchandise seeks a declaratory judgment, as well as damages for lost profits and damage to reputation and attorney's fees and costs.  *Id.* at 9.

Kangaroo filed a Counterclaim seeking a judgment declaring that Kangaroo abided by the terms of the Settlement Agreement and that IF Merchandise improperly utilized Kangaroo's copyrighted materials.  [Dkt. 9 (An. & Countercl.) at ¶¶ 13-16].  The Counterclaim further alleges that IF Merchandise breached the Settlement Agreement by violating Kangaroo's intellectual property and infringed Kanagroo's copyrights by displaying images of and distributing counterfeit emoji beach balls.  *Id.* ¶ 17-30.

## II.    Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party bears the burden of proving that no factual issues exist.  *Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010).  "In determining whether that burden has been met, the court

is required to resolve all ambiguities and credit all factual inferences that could be drawn in favor of the party against whom summary judgment is sought. *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "If there is any evidence in the record that could reasonably support a jury's verdict for the nonmoving party, summary judgment must be denied." *Am. Property Assurance Co. v. Hapag Lloyd Container Linie, GmbH*, 446 F.3d 313, 315-16 (2d Cir. 2006) (quotation omitted). In addition, the court should not weigh evidence or assess the credibility of witnesses" on a motion for summary judgment, as "these determinations are within the sole province of the jury." *Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996).

"A party opposing summary judgment 'cannot defeat the motion by relying on the allegations in [her] pleading, or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible.' At the summary judgment stage of the proceeding, [p]laintiffs are required to present admissible evidence in support of their allegations; allegations alone, without evidence to back them up, are not sufficient." *Welch-Rubin v. Sandals Corp.*, No. 3:03-cv-481, 2004 WL 2472280, at *1 (D. Conn. Oct. 20, 2004) (quoting *Gottlieb v. County of Orange,* 84 F.3d 511, 518 (2d Cir.1996). "Summary judgment cannot be defeated by the presentation . . . of but a 'scintilla of evidence' supporting [a] claim." *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 726 (2d Cir. 2010) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)).

## III. Discussion

The parties have filed cross motions for summary judgment, each seeking judgment on all claims and counterclaims. The Court now considers the parties' arguments.

### A. Copyright Infringement-Related Claims

IF Merchandise claims that Kangaroo maliciously reported copyright and trademark infringement in violation of the Copyright and Trademark Statutes. [Dkt. 1 at ¶¶ 34-58]. Kangaroo's Counterclaim alleges that IF Merchandise infringed Kangaroo's copyright by using its copyrighted image on the Assortmart Emoji Beach Ball Product Page. [Dkt. 9 at ¶ 21-30].

### 1. Defendant's Copyright Infringement Counterclaim

To establish copyright infringement, a plaintiff must show: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Kangaroo has provided the certificate of registration of a copyright for a work entitled "Emoji Universe 12" Emoji Inflatable Beach Balls," naming Kangaroo Manufacturing, Inc. as the copyright claimant. IF Merchandise does not dispute that Kangaroo has a valid copyright for the emoji beach ball photographs associated with the registration. *See* [Dkt. 43 (Plf.'s Summ. J. Mot. & Mem.) at 13]. As such, Kangaroo need only satisfy the second element by showing that IF Merchandise copied the copyrighted emoji beach ball photographs to prevail.

"When analyzing whether an image has been infringed, a court must compare the protected image with the allegedly infringing image or images."

*Cabell v. Sony Pictures Entm't, Inc.*, 714 F. Supp. 2d 452, 459 (S.D.N.Y. 2010). Kangaroo has submitted as an exhibit a screen capture of the Assortmart Emoji Beach Ball Product Page. *See* [Dkt. 44-4]. A comparison of the copyrighted image with the image used on the Assortmart Emoji Beach Ball Product Page shows that the two are identical. The Assortmart Emoji Beach Ball Product Page unquestionably utilized at least one of Kangaroo's copyrighted photographs to illustrate the non-Kangaroo product.

IF Merchandise argues, however, that it is not responsible for use of the copyrighted image. [Dkt. 49 (Plf.'s Reply Mem.) at 9]. The screen capture showing use of Kangaroo's copyrighted photograph indicates that the brand associated with the Product Page is "Assortmart." IF Merchandise represents that "Assortmart" is a separate corporation and trademark with which IF Merchandise has no connection and the products of which IF Merchandise has never sold. [Dkt. 48 at 12, 15]. IF Merchandise therefore contends that it is "Assortmart" that infringed Kangaroo's copyright, not IF Merchandise. Kangaroo has provided no evidence to establish that IF Merchandise is responsible for publishing the Assortmart Emoji Beach Ball Product Page, rather than Assortmart or some other party. Nor has Kangaroo provided evidence establishing that IF Merchandise is doing business as or is otherwise associated with "Assortmart."

Kangaroo argues that IF Merchandise is liable for the infringement by the Assortmart Emoji Beach Ball Product Page because IF Merchandise was a seller under that product page. [Dkt. 44-1 at 11; Dkt. 50 at 3]. IF Merchandise contends

in its Reply Memorandum that it was not a seller under the page.[1] *See* [Dkt. 49 at 6]. This contention, however, contradicts the very foundation of IF Merchandise's claims against Kangaroo. IF Merchandise sued Kangaroo because of Kangaroo's complaint to Amazon of infringement by the Assortmart Emoji Beach Ball Product Page. IF Merchandise sought damages for its loss of sales when Amazon took down the Assortmart Emoji Beach Ball Product Page in response to Kangaroo's complaint. IF Merchandise could only claim that it lost sales as a result of the takedown of the Assortmart Emoji Beach Ball Product Page if it was a seller under that page.

Moreover, the Amazon Takedown Email establishes that IF Merchandise was a seller under the Assortmart Emoji Beach Ball Product Page. Amazon notified the sellers under the Assortmart Emoji Beach Ball Product Page of its decision to take down the page as a result of complaints of infringement. IF Merchandise received the Amazon Takedown Email because it was one of the sellers under the page. Thus, the Court finds that IF Merchandise was a seller under the Assortmart Emoji Beach Ball Product Page.

IF Merchandise's seller status does not by itself, however, establish IF Merchandise's liability for the infringement. First, as indicated above, the evidence presented by the parties does not clearly indicate who created the Assortmart Emoji Beach Ball Product Page and thus who is responsible for copying Kangaroo's copyrighted image. No evidence suggests that a seller under a page

---

[1] The screen capture of the Assortmart Emoji Beach Ball Product Page indicates that the product was available from three sellers, but does not provide the names of those sellers.

is somehow responsible for the creation of that page.  Thus, nothing in evidence establishes that IF Merchandise, as merely a seller of the product,  was responsible for the copying.   Rather, it seems more likely that the product brand, here "Assortmart," created the page, though even this is not clear based on the evidence presented.

Second, Kangaroo has provided no case law to support the contention that a seller listed for a product page somehow assumes the copyright liability of the party that created that product page.  In fact, case law indicates that a party cannot be vicariously liable for copyright infringement simply by vicariously benefiting from infringement of which they were neither responsible or aware. A party must be involved somehow in the copying in order to be held liable for it.  *See McGraw-Hill Global Educ. Holdings, LLC v. Khan*, 323 F. Supp. 3d 488, 498 (S.D.N.Y. 2018) (holding defendant liable for infringement based on showing that defendant owned, controlled, and operated the websites selling the unauthorized digital copies); *Person Educ., Inc. v. Ishayev*, 9 F. Supp. 3d 328, 336 (S.D.N.Y. 2014) (finding defendant was responsible for infringement based on evidence that the emails providing the copies of the copyright works came from defendant's email account and that defendant operated the PayPal account that received payment for the transactions); *Pearson Educ., Inc. v. Ishayev*, 963 F. Supp. 2d 239, 252-53 (S.D.N.Y. 2013) (finding no liability because there was no evidence defendant participated or was otherwise involved in the copying).

The Court understands that it is often Amazon that links a seller of a product to that product's detail page and that there are usually multiple sellers of a product

associated with a page. Amazon's decision to associate a seller with a specific product detail page cannot make that seller responsible for the content of the page. There must be some evidence establishing a party's involvement in or control over the copying. Because Kangaroo has not presented evidence showing that IF Merchandise is responsible for or even knowledgeable about the copying in any way, the Court GRANTS summary judgment for IF Merchandise on Kangaroo's copyright infringement counterclaim, Count Three.

## 2. Plaintiff's Malicious Infringement Complaint Claims

In Counts Three through Nine of its Complaint, IF Merchandise alleges that Kangaroo "maliciously lodged a false complaint" as to each of the seven copyrights and trademarks included in the Amazon Takedown Email sent to IF Merchandise in violation of Trademark and Copyright Statutes. [Dkt. 1 at ¶¶ 34-58]. IF Merchandise does not cite a specific statutory section or provision supporting its claims. On that basis alone its claims should be dismissed.

In the interest of justice and finality, the Court has conducted its own research and construes IF Merchandise to claim Kangaroo is liable under § 512(f) of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(f). Section 512(f) provides that:

> Any person who knowingly materially misrepresents under this section—(1) that material or activity is infringing, or (2) that material or activity was removed or disabled by mistake or misidentification— shall be liable for any damages, including costs and attorneys' fees, incurred by the alleged infringer, by any copyright owner or copyright owner's authorized licensee, or by a service provider, who is injured by such misrepresentation, as a result of the service provider relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing, or in replacing the removed material or ceasing to disable access to it.

17 U.S.C. § 512(f).

IF Merchandise claims that Kangaroo knowingly misrepresented to Amazon that the Assortmart Emoji Beach Ball Product Page was infringing Copyright Nos. VA 2-016-327 and VA 2-000-209 and Trademark Nos. 4,897,428, 5,132,898, 4,936,937, 4,9080,760, and 5,132,866, resulting in the takedown of the page and blockage of IF Merchandise sales. [Dkt. 43 at 11-13, 15-16]. IF Merchandise suggests that Kangaroo has provided no evidence of infringement of its copyright by IF Merchandise and the complaint was therefore false and malicious. *Id.* The evidence does not support IF Merchandise's arguments.

The material facts of this claim are indisputable. Kangaroo filed as exhibits its complaints to Amazon that the Assortmart Emoji Beach Ball Product Page violated its copyright, as well as the Kangaroo copyright registration for the emoji beach ball image and a screen capture of the Assortmart Emoji Beach Ball Product Page. *See* [Dkt. 44-19; Dkt. 44-9; Dkt. 44-8; Dkt. 44-6; Dkt. 44-4]. In a letter dated June 28, 2017, Attorney Harris wrote to Amazon's counsel regarding a number of counterfeit sales issues and noting counterfeit emoji beach ball sales from the Assortmart Emoji Beach Ball Product Page. In subsequent correspondence, Attorney Harris confirmed Kangaroo's request that Amazon deactivate the Assortmart Emoji Beach Ball Product Page for infringing Kangaroo's copyright. On July 3, 2017, Attorney Schnider reported infringement of Kangaroo's copyright by the Assortmart Emoji Beach Ball Product Page. Amazon responded indicating that it could not take action because the report did not identify the copyright asserted. Attorney Schnider supplied Amazon the copyright registration information. A

comparison of the copyrighted works and the screen capture of the Assortmart Emoji Beach Ball Product Page confirm Kangaroo's claim that the Page utilized a copyrighted image. The evidence clearly established Kangaroo did not misrepresent that the Assortmart Emoji Beach Ball Product Page infringed Kangaroo's copyright.

IF Merchandise takes issue with the fact that the Amazon Takedown Email lists additional Kangaroo copyrights and trademarks. [Dkt. 48 at 2; Dkt. 49 at 2]. IF Merchandise contends that Kangaroo should have clarified with Amazon that IF Merchandise was not infringing "all of the copyrights and trademarks." [Dkt. 49 at 2]. But, as Attorney Schnider clarified for Attorney Fink via email on July 17, 2017, Kangaroo did not report to Amazon that IF Merchandise was infringing all of the copyrights and trademarks included in the email. *See* [Dkt. 44-10 at 1-2]. Rather, Kangaroo reported infringement of two copyrights by the Assortmart Emoji Beach Ball Product Page and Amazon incorrectly identified in the Takedown Email other Kangaroo copyrights and trademarks at issue in a separate copyright lawsuit. *Id.* In addition, the Amazon Takedown Email was evidently written by a non-native English speaker. It contained so many grammatical mistakes that it was nearly incomprehensible. This fact bolsters the certainty that it was Amazon's representative that made a mistake rather than Kangaroo, whose communications are error-free. *See* [Dkt. 43-5]. Moreover, IF Merchandise offers no evidence that the number of alleged copyright infringements impacted the takedown of the Assortmart page.

IF Merchandise has offered no evidence that Kangaroo made any

misrepresentations or false complaints to Amazon.  It offers no facts tending to show that any infringement claim was false or misrepresented the truth.  Moreover, it offers no facts tending to show that any statement was materially false.  It offers no fact to suggest it suffered harm as a consequence of a false infringement claim lodged by Kangaroo with Amazon.  Accordingly, the Court holds the Kangaroo is entitled to summary judgment on IF Merchandise's malicious misrepresentation and false copyright complaint claims—Counts Three through Nine.

### 3. California Business & Professional Code Violation

IF Merchandise alleges in its Complaint that Kangaroo violated the California Business and Professional Code §§ 17200 *et seq.* "by engaging in unlawful, unfair, and fraudulent business practices[,]" citing "Kangaroo's malicious false claims to Amazon.com about infringing copyrights and trademarks."  [Dkt. 1 ¶¶ 57-58].  The Court has found that Kangaroo's counsel had a good faith basis for lodging the copyright infringement complaint with Amazon and that the complaint was not false or malicious.  Accordingly, Kangaroo is entitled to summary judgment on IF Merchandise's Count Ten.

### B. Breach of the Settlement Agreement Claims

To succeed on a breach of contract claim, a party must show (1) the existence of a contract (the Settlement Agreement); (2) its performance or excuse for nonperformance; (3) the opposing party's breach; and (4) that the breach caused the party damages.  *Hamilton v. Greenwich Inv'rs XXVI, LLC,* 126 Cal. Rptr. 3d 174, 183 (Cal. Ct. App. 2011) (citing *Reichert v. Gen. Ins. Co. of Am.*, 442 P.2d 377, 381 (Cal. 1968)).  Both parties allege that the other breached the Settlement

Agreement.

### 1. Kangaroo's Breach of Contract Counterclaim

Kangaroo's Counterclaim alleges that IF Merchandise breached the Settlement Agreement by violating Kangaroo's intellectual property. [Dkt. 9 at ¶¶ 17-20]. The Court has already found that Kangaroo has presented no evidence from which a jury could find that IF Merchandise infringed Kangaroo's copyright. Thus, even if copyright infringement by IF Merchandise would constitute a breach of the Settlement Agreement, Kangaroo has failed to provide evidence of said breach. Accordingly, like the infringement counterclaim, the Court GRANTS IF Merchandise summary judgment on Kangaroo's breach of contract counterclaim, Count Two.

Given the lack of a material fact dispute, this claim comes down to a legal question of contract interpretation—what the Settlement Agreement does and does not require of the parties. The parties agreed that the laws of the State of California would govern construction of the Settlement Agreement, and the Court looks to California law accordingly. See [Dkt. 44-3 ¶ 9]. "The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989). Thus, "[a] settlement agreement is treated as any other contract for purposes of interpretation." *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992) (citing *Adams v. Johns-Manville Corp.*, 876 F.2d 702, 704 (9th Cir. 1989)).

Under California law, the intent of the parties determines the meaning of the contract. *Id.* (citing Cal. Civil Code §§ 1636, 1638). "The relevant intent is

'objective'—that is, the intent manifested in the agreement and by surrounding conduct—rather than the subjective beliefs of the parties." *Id.* "Such intent is to be inferred, if possible, solely from the written provisions of the contract." *Waller v. Truck Ins. Exch., Inc.*, 900 P.2d 619, 627 (Cal. 1995) (citing Cal. Civ. Code § 1639). "The clear and explicit meaning of these provisions, interpreted in their ordinary and popular sense, unless used by the parties in a technical sense or a special meaning is given to them by usage, controls judicial interpretation." *Id.* (citing Cal. Civ. Code §§ 1644, 1638) (internal citations and quotation marks omitted).

The Settlement Agreement sets out in its recital clauses that, "Kangaroo and IF Merchandise have agreed to settle all claims asserted in the Litigation, and to avoid any potential disputes in the future through mutual conduct, on the terms set forth herein[.]" [Dkt. 44-3 at 1]. The Settlement Agreement sets forth specific terms regarding "Conflict Resolution and Avoidance" in the first paragraph and its subparts. *See id.* at ¶ 1. The first paragraph states, "Kangaroo prefers that similar products sold both by Kangaroo and by IF Merchandise should not be offered for sale on the same web page initiated by Kangaroo on Amazon.com." *Id.* It goes on to state that "[t]he parties have agreed to endeavor affirmatively to avoid this issue." *Id.* The subsections set out future possible scenarios in which one party's product ends up on the other's product detail page and steps for alleviating such an issue. *Id.* at ¶¶ 1.A., 1.B.

However, even if IF Merchandise infringed Kangaroo's copyright, Kangaroo has failed to identify any provision of the Settlement Agreement in which IF Merchandise agreed not to do what the law already forbids, namely not infringe its

copyright. The Settlement Agreement laid out four scenarios each relating to product placement. It contains no provisions relating to imagery. Nor has IF Merchandise addressed this count of the counterclaim. Nonetheless, because Kangaroo has failed to introduce any evidence tending to show that the Settlement Agreement forbade IF Merchandise from infringing and has failed to introduce any evidence that IF Merchandise infringed, there appears to be no genuine issue of fact for a jury to resolve.

Accordingly, the Court holds that IF Merchandise is entitled to summary judgment on Kangaroo's breach of contract claim, Count Two.

### 2. IF Merchandise's Breach of Contract Claim

This claim also turns on the absence of any foundational basis in the Settlement Agreement. IF Merchandise asserts that the parties agreed in the Settlement Agreement to generally "endeavor to avoid conflicts and to endeavor to resolve conflicts." [Dkt. 43 at 11 (citing Ex. A (Settlement Agreement), ¶ 1)]. IF Merchandise argues that Kangaroo breached this provision by filing a complaint with Amazon regarding copyright infringement by the Assortmart Emoji Beach Ball Product Page, which led Amazon to block the sale of products from that Page. *Id.* at 11-12. IF Merchandise further argues that Kangaroo breached the provision by failing to resolve the issues when IF Merchandise counsel reached out to Attorney Harris. *Id.* at 12. Kangaroo admits that it reported the Assortmart Emoji Beach Ball Product Page for use of its copyrighted photograph but contends that doing so did not constitute a breach of the Settlement Agreement because nothing in the agreement prevented the parties from reporting copyright violations to Amazon.

[Dkt. 45 (Def.'s Opp'n Mem.) at 5].

There is no dispute of fact material to these claims. Kangaroo, via Attorneys Schnider and Harris, reported copyright infringement by the Assortmart Emoji Beach Ball Product Page, from which IF Merchandise sold product. *See* [Dkts. 44-8, 44-9, 44-19]. Kangaroo did not lodge a complaint against IF Merchandise in particular, and may not have even known initially that IF Merchandise was a seller listed for the Assortmart Emoji Beach Ball Product Page. *Id.* Amazon deactivated the Assortmart Emoji Beach Ball Product Page for all sellers and subsequently notified IF Merchandise that its listing under that Page had been blocked as a result of the infringement complaint. [Dkt. 43-5]. Days later, Attorney Fink sent a letter to Attorney Harris and an email to Attorney Schnider regarding the complaint by Kangaroo. [Dkts. 43-6, 44-10]. While Attorney Harris did not personally respond to the letter, Attorney Schnider promptly replied to Attorney Fink's email and informed him that Kangaroo had reported use of Kangaroo's copyrighted work on the Assortmart Emoji Beach Ball Product Page. [Dkt. 44-10].

IF Merchandise cites to the "Conflict Resolution and Avoidance" provisions and the parties' agreement to "settle all claims asserted in the Litigation, and to avoid any potential disputes in the future through mutual conduct" in arguing that Kangaroo's conduct constitutes a breach of the Settlement Agreement. [Dkt. 44-3 at 1]. But the Settlement Agreement does not leave the obligation as one to generally endeavor to avoid and resolve any and all conflicts that might arise between the parties. Rather, it tailored the obligation to address the concerns at

issue in that lawsuit—the selling of non-Kangaroo products by IF Merchandise on Kangaroo's product detail pages.  *See* [Dkt. 44-3 at ¶ 1].  The four scenarios laid out in the subparts to paragraph 1 contemplating one party's products appearing on the other's product detail page illuminate the focus on this specific issue.  *See id.* at ¶¶ 1.A., 1.B.

As required by the established principles of contract interpretation, this Court construes the Settlement Agreement as a whole and according to its clear meaning.  *See Waller*, 900 P.2d at 627 ("[L]anguage in a contract must be interpreted as a whole, and in the circumstances of the case, and cannot be found to be ambiguous in the abstract. . . .  Courts will not strain to create an ambiguity where none exists.").  The Settlement Agreement imposes specific obligations on the parties to avoid and resolve a certain kind of conflict.  The "endeavor affirmatively to avoid" language of paragraph 1 refers specifically to "this issue"—listing IF Merchandise products on Kangaroo product display pages.  *See* [Dkt. 44-3 at ¶ 1].  The recital clause declaring that "Kangaroo and IF Merchandise have agreed . . . to avoid any potential disputes in the future through mutual conduct" is similarly limited to "the terms set forth herein[,]" referring to the terms and scenarios under paragraph 1.  *Id.* at 1.  Thus, the plain language of the Settlement Agreement does not impose a general duty to affirmatively avoid conflict, but to do so as to specific conflicts in specific ways.  IF Merchandise's breach claims fail because the plain language of the Settlement Agreement does not establish the duty IF Merchandise asserts.

Accordingly, the Court holds that Kangaroo is entitled to summary judgment

on IF Merchandise's breach of contract claims, Counts One and Two.

## IV.  Declaratory Relief

"Declaratory relief is a prospective remedy intended to resolve or mitigate disputes that may yield later litigation."  *EFG Bank AG Cayman Branch v. AXA Equitable Life Ins. Co.*, 309 F. Supp. 3d 89, 99 (S.D.N.Y. 2018).  The disputes "must not be nebulous or contingent but must have taken on fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on the adversaries, and some useful purpose to be achieved in deciding them."  *Jenkins v. United States*, 386 F.3d 415, 418 (2d Cir. 2004).

The district court has discretion as to whether to award declaratory relief.  In making such a determination, the district court should consider: "(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty."  *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 389 (2d Cir. 2005).  Additionally, the court may consider "whether there is a better or more effective remedy" available.  *Dow Jones & Co. v. Harrods Ltd.*, 346 F.3d 357, 360 (2d Cir. 2003).  Courts generally reject a declaratory judgment claim when other claims in the suit will resolve the same issues.  *EFG Bank*, 309 F. Supp. 3d at 99 (collecting cases).

Neither party included in its summary judgment briefing arguments regarding entitlement to declaratory relief, as opposed to or in addition to other forms of relief.  IF Merchandise's Complaint seeks a declaratory judgment against Kangaroo "to inhibit unsubstantiated complaints of copyright and trademark

infringement, and other fake complaints by Kangaroo to harm IF Merchandise, and to deal with a violation of the Settlement Agreement." [Dkt. 1 at 1]. IF Merchandise's Complaint seeks a judgment pronouncing that Kangaroo maliciously breached the Settlement Agreement, lodged a false complaint with Amazon, and violated the California Business & Professional Code. [Dkt. 1 at 9]. The Court has already resolved these issues in Kangaroo's favor and IF Merchandise is accordingly denied the declaratory relief sought.

Kangaroo's Counterclaim includes a count seeking declaratory relief. [Dkt. 9 at ¶¶ 13-16]. Specifically, Kangaroo requests that the Court issue a judgment declaring that Kangaroo has abided by the terms of the settlement agreement and that IF Merchandise improperly utilized Kangaroo's copyrighted materials. *Id.* at ¶ 16. The Court has already resolved IF Merchandise's breach of contract claim, holding that Kangaroo did not breach the Settlement Agreement as IF Merchandise argues.

To the extent Kangaroo seeks a declaration that it has not breached the Settlement Agreement in any way, such a declaration would be inappropriate and the Court dismisses that portion of Count One. *See Nike, Inc. v. Already, LLC*, 663 F.3d 89,94-95 (2d Cir. 2011) ("In order to qualify as a justiciable 'case or controversy' under Article III, '[t]he controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests.' The 'case or controversy' requirement is not satisfied by a 'difference or dispute of a hypothetical or abstract character.'" (quoting *Aetna Lie Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937))), *aff'd*, 568 U.S. 85 (2013).

The Court has also considered Kangaroo's copyright infringement claim against IF Merchandise and found Kangaroo has offered no facts suggesting IF Merchandise posed the infringing images. Kangaroo has not borne its burden of proving a genuine issue of material fact exists. Fed. R. Civ. P. 56(d). In such an instance the court must draw all reasonable inferences in favor of the party against whom summary judgement is sought. *Vivenzio v. City of* Syracuse, 611 F.3d 98, 106 (2d Cir. 2010). To be entitled to summary judgment Kangaroo is obliged to present affirmative evidence eliminating any issue for a jury to resolve that IF Merchandise published the infringing image and in the absence of such proof the court must infer IF Merchandise did not publish it. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 424 (1986); *Welch-Rubin v. Sandals Corp.,* No. 03CV418MRK (D. Conn. Oct. 20, 2004). Kangaroo cannot rely on the allegations of its counterclaim or on labels and conclusions. Moreover, the declaratory relief claim as to the copyright infringement is duplicative of its copyright infringement claim and success under the copyright infringement claim would provide Kangaroo with complete relief. Thus, the Court dismisses that portion of Count One as well.

V.    Motion to Strike Kangaroo's Reply Memorandum

IF Merchandise moved to strike Kangaroo's reply memorandum in support of its motion for summary judgment. *See* [Dkt. 51 (Mot. to Strike)]. IF Merchandise suggests that Kangaroo's Reply raises new issues of fact and takes issue with the exhibit and declarations filed by Kangaroo along with its Reply. *Id.* The motion is wholly unconvincing and is hereby DENIED by the Court.

First, Kangaroo's Reply did not raise new issues of fact or law but responded

24

to the points made in IF Merchandise's Opposition. Part of the reply addressed IF Merchandise's claim that it was not a seller under the Assortmart Emoji Beach Ball Product Page, attaching an exhibit to show IF Merchandise's seller status under the Page. *See* [Dkt. 50 at 3; Dkt. 50-1]. As IF Merchandise admits, it had already submitted the same exhibit—the Amazon Takedown Email sent to IF Merchandise as a seller of the product on the Assortmart Emoji Beach Ball Product Page—and therefore cannot credibly argue it was prejudiced by inclusion of the exhibit.

Second, the declarations submitted by Kangaroo with its Reply were a direct response to IF Merchandise's arguments in its Opposition that the declarations did not conform to the rules. The only change to the resubmitted declarations was to include the language required by 28 U.S.C. § 1746 exactly. The substance remained the same. They are unsworn declarations under penalty of perjury as required by § 1746. IF Merchandise is not prejudiced by inclusion of the declarations.

IF Merchandise has provided no legitimate basis for its motion to strike and it is therefore DENIED.

VI.     Conclusion

For the foregoing reasons, the Court DENIES IF Merchandise's Motion for Summary Judgment, Dkt. [43], and GRANTS IN PART Kangaroo's Motion for Summary Judgment, Dkt. [44].

The Court GRANTS summary judgment in favor of Kangaroo on IF Merchandise's Counts One through Ten. Further, the Court dismisses Count One of Kangaroo's Counterclaim and DENIES summary judgment on Counts Two and Three of the Counterclaim.

As there are no remaining claims, the Court directs the Clerk to close this case.

IT IS SO ORDERED.

_____/s/_____
**Hon. Vanessa L. Bryant**
**United States District Judge**

Dated at Hartford, Connecticut this 11th day of September 2019